WEATHERED v. MAYS.

A judgment upon the merits is conclusive between the same parties and those claiming under them, and interposes a complete bar to further litigation so long as it remains in force, not set aside or reversed, and precludes any inquiry into matters therein adjudicated, or which might have been therein adjudicated. (Note 84.)

The conclusive character of a former judgment is the same, whether the trial be by the court or by the jury.

Where a former judgment is pleaded, and the issue is whether there is any such former judgment, it is triable by the court and not by the jury.

Appeal from Red River. This suit was brought by the appellant on an open account against the appellee. Among other defenses set up was a former judgment of the same court, between the same parties, in which all matters in controversy between them were adjudicated, and a judgment rendered in favor of the defendant. After the cause has been put to the jury and the plaintiff had read his petition and the defendant his answer, the plaintiff proposed to introduce his evidence; but the defendant, by permission of the court, read to the court the record of the judgment of the court set up in his plea or [**388**] answer as a bar to the plaintiff's action; on which the court gave judgment sustaining the plea in bar, and refused to permit the plaintiff to introduce evidence in support of his action.

*Trimble*, for appellant. The court ought to have permitted the plaintiff to prove his account or to show that the matters litigated in the former suit were not the same in litigation in the present suit. The court could not take the case from the jury and give judgment for the defendant. The record, at a proper stage of the case, might have been read as evidence; yet the defendant was bound to prove that the matters litigated in the present suit were the same.

*Morrill*, for appellee.

LIPSCOMB, J. The only point made by the appellant's counsel and the only one that could have been made on the record is the refusal of the court below to permit him to offer testimony in support of the cause of action set forth in his petition. The conclusive character of a former judgment between the same parties, in which the grounds of the new action had been litigated or might have been, was very fully discussed in the opinion of the court delivered at the present term in the case of Foster *v.* Wells; and it was laid down that such judgment was conclusive between the same parties and those claiming under them, and interposed a complete bar to further litigation so long as that judgment remained in full force, not set aside nor reversed; that the matters therein adjudicated, or that might have been adjudicated, could not again, in another suit, be inquired into, (Foster *v.* Wells, *ante*, 101, and the authorities cited;) that it must, however, appear to have been a judgment on the merits of the cause.

## Weathered v. Mays.

There has been a considerable diversity of decision as to whether the party availing himself of the former judgment may not, by failing to plead such former judgment in bar and by giving it in evidence to the jury, does not, open the whole [**389**] subject-matter again to be inquired into and decided by the jury upon the evidence of the facts. But it has never, as I believe, in a single case been decided that when it is pleaded it is not conclusive on the court; and by far the greatest weight of authority supports the equally conclusive character of the judgment when given in evidence to the jury. Those who contend that, to make the former judgment conclusive, it must be pleaded insist that by failing to plead the party waives all advantage, and elects to reinvestigate the case on the merits.

This waiver, by implication of the defense and the investigation of matters that had been adjudicated, is resisted in an able opinion of Mr. Justice Kennedy in Marsh v. Pier, (4 Rawl. R., 273.) He says: "Hence it would seem to follow that whenever, on the trial of a cause, from the state of the pleadings in it, the record of a judgment rendered by a competent tribunal upon the merits in a former action between the same parties or those claiming under them is properly given in evidence to the jury, it ought to be considered as conclusively binding on both court and jury, and to preclude all further inquiry in the cause; otherwise the rule or maxim *expedit reipublicæ ut sit finis litium*, which is as old as the law itself, and a part of it, will be exploded and extirely disregarded. But if it be a part of our law, as it seems to be admitted by all that it is, it seems to me that the court and jury are clearly bound by it, and not at liberty to find against such former judgment." And he says further: "But a judgment of a proper court, being the sentence or conclusion of law upon the facts contained within the record, puts an end to all further litigation on account of the same matter, and becomes the law of the case, which cannot be changed or altered even by the consent of the parties, and is not only binding upon them, but upon the courts and juries ever afterwards, so long as it shall remain in force and unreversed." In that case the judgment set up in defense was rendered by the Supreme Court of New York after the pendency ]**390**] of the suit of Marsh v. Pier. The judge adds: "Still I think that it was not necessary to plead it in order to make it admissible evidence."

I have perhaps gone somewhat beyond the record, as in the case under consideration the judgment was pleaded in bar, and we might have declined discussing the effect when offered in evidence; but lest it should be thought that we entertained doubts whether the judgment, when offered in evidence, laid the subject open for a new investigation, I have thought it right and proper to leave no ground for supposing any such doubt was entertained. The only distinction is as to the manner of bringing up the judgment as a defense; and we believe it to be most felicitously expressed by Lord Chief Justice DeGrey, in the Dutchess of Kingston's case, that "it is in pleading, a bar; in evidence, conclusive." Such being the effect of the former judgment, it can be a matter of little consequence in its results whether it was decided on the plea in bar or if it had gone to the jury in evidence. No evidence could have been received to impeach the judgment when the record of it was offered. It might have been competent to receive evidence to support its identity. But if the record did not show, when compared with the matters put in controversy in the suit in which it was offered, that it embraced the same subject-matter, it could have offered no bar on the plea of *nul tiel record*. Our system is happily well adapted to show conclusively by the record whether it was sought to litigate a matter that had already been adjudicated. The cause of action is required so fully to be set out in the petition, and the defense in the answer, that there would be no uncertainty as to the matter litigated in the adjudged case, or whether it was decided on its merits, and as little as to what was sought to be litigated in the suit pending. I can perceive no error in the judgment of the court below, and it is therefore affirmed.

Judgment affirmed.